BRYAN SCHRODER
United States Attorney

KYLE REARDON
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kyle.reardon@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>CHRISTOPHER ALLEN<br>CARMICHAEL, a/k/a<br>"chris_carmichael@lksd.org,"<br><br>    Defendant. | )<br>)<br>)<br>)<br>) No. 3:19-cr-000148-TMB<br>)<br>)<br>)<br>)<br>)<br>) |

## PLEA AGREEMENT

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to Count 1 of the Indictment in this case, charging him with Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). The United States agrees to dismiss the remaining counts (2, 3, and 4) in the Indictment following sentencing, and not to prosecute the defendant further for any other offense related to the events that resulted in the charge contained in the Indictment. The United States agrees to recommend a sentence within the applicable guideline range as determined by the Court.

The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

1. **The defendant agrees to plead guilty to the following count of the Indictment:**

Count 1: Attempted Coercion and Enticement of a Minor, a violation of 18 U.S.C. § 2422(b)

### B. Elements

The elements of the charge in Count 1 to which the defendant is pleading guilty are as follows:

1. On the dates alleged in the indictment, within the District of Alaska, the defendant knowingly attempted to persuade, induce, entice, or coerce a person to engage in sexual activity;

2. The defendant knew the person was under the age of 18;

3. The defendant used a means and facility of interstate and foreign commerce;

4. If the sexual activity had occurred, the defendant could have been charged with a criminal offense, to wit: Sexual Abuse in the First Degree, in violation of Alaska Statute 11.41.434(a)(1), and Production of Child Pornography, in violation of 18 US.C. § 2251(a); and

5.     The defendant took a substantial step toward completion of the offense.

## C.     Factual Basis

The defendant admits the truth of the allegations in Count 1 of the Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea and for the imposition of the sentence:

In the summer of 2019, Bethel Police received information from Victim C, a 14-year-old female, that the defendant had sexually molested her. Bethel Police obtained a *Glass* warrant and began communicating with the defendant. The police, posing as Victim C, introduced a federal law enforcement agent posing as Victim C's 13-year-old cousin to the defendant ("J").

On November 30, 2019, "J" sent a text message to Carmichael that said, "hi." Over the next week, the defendant sent multiple graphic text messages to "J," and sent multiple messages in which he expressed a desire to engage in sexual contact with "J," and to videotape her engaged in sexually explicit conduct.

The defendant flew to Anchorage on December 3, 2019. The defendant asked "J" what her address was in Anchorage. The defendant discussed trying to meet with "J" at a local motel. Later that day, Carmichael texted what he would do to "J" if they were to meet, including fondling and oral sex. The defendant continued to text with "J"

throughout the evening on December 3, 2019, about described various sexual things he wanted to do to her and again instructed her to masturbate utilizing a hairbrush handle.

The defendant reinitiated contact with "J" on December 7, 2019. During a phone call on December 8, 2019, the defendant asked "J" if she had missed him and if she had "been naughty" and masturbating. The defendant then went on to describe sexual acts he wanted to perform on "J," and masturbated to ejaculation during the phone call.

The defendant then discussed with "J" where he stays when he travels to Anchorage, and said this hotel was near "J's" house. The defendant discussed meeting "J" near her house where she could follow him back to his hotel room. The defendant said he would also like to take "J" to the mall and they would pretend she was his daughter. The defendant described taking "J" to Victoria's Secret and then go back to his room. He then went on to describe the sexual acts he wanted to perform on "J". During subsequent text messages, Carmichael describe lingerie that he wanted to see "J" wear, including "bridal lingerie."

These messages between the defendant and "J" were sent using a means and facility of interstate and foreign commerce, and took place while the defendant was located in Alaska. Had the defendant engaged in the sexual conduct he described with "J," it would have been a violation of Alaska Statute 11.41.434(a)(1), Sexual Abuse in the First Degree. Videotaping "J" engaging in sexually explicit conduct would have been a violation of 18 US.C. § 2251(a), Production of Child Pornography.

The defendant's multiple communications with "J," who he believed to be under 18; his attempts to meet with her while he was in Anchorage, and his reinitiation of communications with her on December 7, 2019, constituted a substantial step toward completion of the offense.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count 1: 18 U.S.C. § 2422(b) (Attempted Coercion and Enticement of a Minor)

> 1) Not less than 10 years and up to life in prison;
>
> 2) a fine of $250,000;
>
> 3) a term of supervised release of not less than five years and up to life; and
>
> 4) a $100 special assessment pursuant to 18 U.S.C. § 3013, and a $5,000 special assessment pursuant to 18 U.S.C. § 3014.

#### 2. Other Matters Affecting Sentence

##### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of

more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b.    Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c.    Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a

criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution

The parties have no agreement on restitution. However, the defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victims covered in the factual basis, victims covered in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other victims as a result of the defendant's conduct for the offenses charged in the Indictment.

Specifically, the defendant agrees that Victim C is a victim for purposes of restitution and agrees to pay the full amount of any restitution to Victim C that may be ordered pursuant to the Mandatory Restitution Act, and any other relevant statutes.

The defendant also agrees that Victim C is a victim of his conduct for purposes of the Crime Victims' Rights Act, 18 U.S.C. § 3771, and that she shall be afforded all the rights permitted under the CVRA.

### F. Sex Registration / DNA Testing

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration

requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration in Alaska, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

**G.      Voluntary Abandonment**

Personal property to be voluntarily abandoned under this agreement include all electronic devices used to communicated with Victim C and "J," and any digital devices containing images of child pornography as identified by the United States. The defendant warrants that he has sole possession and ownership of the property referenced above, and

that there are no claims to, or liens or encumbrances on the property referenced above. The defendant will take all steps as requested by the United States to pass clear title to the property, including but not limited to, executing documents, and testifying truthfully in any legal proceeding. The defendant agrees to forever abandon and disclaim any right, title, and interest the defendant may have in the property described above, and warrant to the Court free, clear and unencumbered title to the aforementioned property.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of

responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C.  Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

Except as set forth below, the parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553. The defendant agrees not to seek a sentence of less than the mandatory minimum of 120 months (10 years). The United States agrees to seek a sentence no greater than the applicable guideline range as determined by the Court.

### D. Conditions of Supervised Release

The parties agree that the following Special Conditions of supervised release listed below, in addition to any other Standard and Special Conditions which the Court deems appropriate, shall be applied in this case:

#### 1. Pornography Prohibition

The defendant shall not possess any obscene material, child pornography, child erotica, or nude images of minors. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

#### 2. Sexual Disorders Treatment

The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

#### 3. No Unsupervised Contact with Minors

The defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the probation officer. In determining whether to approve such contacts involving members of the defendant's family, the probation officer shall determine if the defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody

consents to the contact, then this condition is not intended to prevent approval of the contact.

### 4. Consent to Searches

The defendant shall submit to the search by the probation officer of his person, vehicle, office/business, residence, and property, including any computer systems and Internet enabled devices, whenever the probation officer had a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving the defendant. Other law enforcement may assist as necessary. The defendant shall submit to the seizure of contraband found by the probation officer. The defendant shall warn other occupants the premises may be subject to searches.

### 5. Computer Monitoring

The defendant shall consent, at the direction of the probation officer, to having installed on his computers, cellular telephones, electronic devices, and any hardware or software, systems to monitor his use of these items. Monitoring will occur on a random and/or regular basis. The defendant will warn other occupants of the existence of the monitoring software placed on his computers, phones and electronic devices. To promote the effectiveness of this monitoring, the defendant shall disclose in advance of its use all cellular phones, electronic devices, computers, and any hardware to the Probation Officer and may not access or use any undisclosed equipment.

### 6. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve no less than two additional years of imprisonment. The defendant also understands that if he commits any felony offense under Chapter 109A, 110, or 117, or section 1201 or 1591 of the United States Code, the Court shall revoke the term of supervised release and require the defendant to serve a term of no less than five years imprisonment under 18 U.S.C. § 3583(e)(3) and (k) without regard to the exceptions contained therein.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will dismiss counts 2, 3, and 4 of the indictment following imposition of sentence. In addition, the United States will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms

of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial –

the defendant is not waiving the right to have counsel continue to
represent the defendant during the sentencing phase of this case;

– The right to confront and cross examine witnesses against the defendant,
and the right to subpoena witnesses to appear in the defendant's behalf;

– The right to remain silent at trial, with such silence not to be used
against the defendant, and the right to testify in the defendant's own
behalf; and

– The right to contest the validity of any searches conducted on the
defendant's property or person.

## B.  Appellate Rights

The defendant waives the right to appeal the conviction resulting from the entry of
guilty plea to the charges set forth in this agreement.  The defendant further agrees that if
the Court imposes a sentence that does not exceed the statutory maximum penalties – as
set forth in Section II.D above in this agreement, the defendant waives without exception
the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court
imposes.  The defendant understands that this waiver includes, but is not limited to,
forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised
release, any fines or restitution, and any and all constitutional (or legal) challenges to
defendant's conviction and guilty plea, including arguments that the statute to which
defendant is pleading guilty is unconstitutional, and any and all claims that the statement
of facts provided herein is insufficient to support defendant's plea of guilty.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E.    Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the

Factual Basis portion of this agreement set forth in Section II.C.  The defendant agrees

that the statements made by him in signing this agreement shall be deemed usable and

admissible against the defendant as stipulations in any hearing, trial or sentencing that

may follow.  The foregoing provision acts as a modification, and express waiver, of

Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is

effective upon the defendant's in-court admission to the factual basis supporting the plea.

This provision applies regardless of whether the court accepts this plea agreement.

### F.    Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court

Judge. The Defendant, defense counsel, and the attorney for the Government consent to

have the Defendant's plea taken by a United States Magistrate Judge pursuant to Fed. R.

Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the

plea of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to

Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report

and Recommendation within seven calendar days, thereby shortening the time for

objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether

to accept this plea agreement at the time it imposes sentence in the case. The defendant

agrees that if the defendant is pleading guilty to an offense described in Title 18, United

States Code, Section 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime

Case 3:19-cr-00148-TMB-MMS   Document 54   Filed 11/06/20   Page 18 of 22

punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the defendant will remand into custody on the day that he/she agrees in court to the factual basis supporting the plea. The defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI.    ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8),  this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII.   THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Christopher Allen Carmichael, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea.  There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement.  If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty.  If anyone, including my

attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be

revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charge to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 1, Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) of the Indictment.

DATED: 11-3-2020       CHRISTOPHER ALLEN CARMICHAEL
                                                  Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily

entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 11/5/20

ALLEN DAYAN
Attorney for Christopher Allen Carmichael

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 11/6/20

BRYAN SCHRODER
United States Attorney
United States of America