ALLEN N. DAYAN
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 306-4968
Email yahoo.com.com
Attorney for:
Defendant, Christopher Carmichael

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **3:19-cr-00148** |
| ) | |
| CHRISTOPHER CARMICHAEL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### SENTENCING MEMORANDUM AND FACTORS IN CONSIDERATION OF SENTENCING OF CHRISTOPHER CARMICHAEL

COMES NOW the Defendant, Christopher Carmichael, by and through his counsel Allen N. Dayan, and files his sentencing memorandum and factors in consideration of his sentence.

The sentencing Guideline range in this case is from 360 to life.

**Proposed sentence:**

Pursuant to 18 U.S.C. Section 3553 Christopher Carmichael to be sentenced to serve a sentence of 15 years in a federal facility followed by a lifetime of supervised release.

### LAW

The decision in United States v. Booker, 125 S.Ct. 735, (2005), holds that the Federal Sentencing Guidelines are

advisory. District Courts must consult the Guidelines but are required to take into account the provisions set forth in 18 U.S.C. § 3553(a) when determining the particular sentence to be imposed.

The relevant factors set forth in 18 § 3553 for sentencing are:

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii) that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced;

(5) any pertinent policy statement--

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g) [18 USCS

§ 3742(g)], is in effect on the date the defendant is sentenced.

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

These factors provide a common sense approach to protect society, reaffirm societal norms and provide treatment for the defendant.

**Consideration of the 3553(a) Factors**

**THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Christopher Carmichael will be 3 days shy of his 57th birthday at sentencing. He comes before the court with no criminal record. His father was a violent abusive alcoholic. When his mother divorced him she married someone who was even more abusive to Mr. Carmichael. The children were not allowed to speak in the home and they were deprived of food and were severely malnourished. His sister's letter of support is

4

especially telling. (see attached letters of support labeled exhibit A)

When Mr. Carmichael graduated from high school he joined the marines and had an exemplary career before injuries forced his retirement. He received many decorations and awards including: 3 certificates of good conduct, a Navy Achievement medal, a Southwest Asia Service medal, a national Defense Service medal, a Sea Service deployment medal, a national defense service medal, a combat infantry badge, a Kuwait liberation medal, a Meritorious Unit Commendation and a Navy Unit commendation. The clearing of mines in In Desert Storm/ Desert Shield was especially traumatic as he witnessed hundreds of civilians trapped in mine fields killed. This resulted in severe PTSD and severe depression.

After he left the marines obtained his bachelor's degree and his Masters. He worked as a teacher for and principal for 23 years.

Mr. Carmichael has obtained an evaluation from a PHD. Psychologist and that report has been submitted to the court. Attached and filed under seal as exhibit B) This report states

**Regarding amenability to treatment, it was found that Chris was generally open and disclosing which should carry over into treatment. He acknowledges he engaged in deviant sexual behavior and does report committing a sexual offense. He reports he feels guilty about his behavior, is ashamed of what he did and is sorry for the victim.**

5

5

Case 3:19-cr-00148-TMB-MMS   Document 74   Filed 07/07/21   Page 5 of 14

The MSI II results suggest the main finding is that Chris does disclose having had sex deviance problems involving molesting a girl, sexual arousal to children/minors and deviant pornography. Knowing and understanding that he is the one who thought about, fantasized about an found a way to make his offense behavior happen is critical to learning to control deviant sexual behavior. In this case, Chris has thinking errors which keep him being able to accept full accountability for his sexual deviance. He is a suitable candidate for treatment if motivated.

His interest and motivation for treatment is typical of individuals being seen in treatment settings and he appears motivated for treatment. His responses suggest an acknowledgment of important problems and the perception of a need for help in dealing with these problems. He reports a positive attitude toward the possibility of personal change, the value of therapy, and the importance of personal responsibility.

If ever a person's background and conduct pointed to a mitigated sentence for this type of crime it is Mr. Carmichael.

The sentencing emphasis in case should be protecting children and treatment. The proposed sentence allows the defendant to be incarcerated for 15 years to reflect the seriousness of the crime and societal condemnation of this conduct. Mr. Carmichael will be able to obtain treatment while under supervised release.

**TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW AND TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE;**

Any offense which concerns the safety of our children is very serious. This is reflected in the sentencing guidelines for the offense which are extraordinarily harsh. The difficult issue for the court in this case is what is a just sentence when you have a person who has committed these crimes but is exceptional in some parts of his background, his relationships and is committed to rehabilitation. Certainly, the fact that he will have to register as a sex offender for the rest of his life reflects the seriousness of the offense. The issue is how much incarceration is necessary? Respect for the law requires a sentence which fits the person and his crime. In this case a sentence of 15 years incarceration could be a life sentence for 57 year old man. The lifetime of supervised release further emphasizes the seriousness and promotes respect for the law. The sections overriding principle is that The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of Section 3553. The proposed sentence meets the above requirements.

7

**The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

In *U.S. v Eric Larson 3:19-Cr-44-001SLG* the facts were similar
    to this case his offense level was 32 with an offense level
    was sentenced to 120 months. A guideline range in this case
    would violate this provision of Section 3553.

**THE SENTENCE MUST AFFORD ADEQUATE DETERENCE TO CRIMINAL CONDUCT**
    Will the public at large be deterred by this sentence? 15
    years of confinement with a lifetime of registration and
    supervision is a powerful deterrent for anyone who is
    considering this conduct. The disgrace of the charges
    combined with the stigma of being incarcerated and having
    to announce to the world you are a sex offender is powerful
    stuff.

## SENTENCE THAT PROTECTS THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT

8

8

Case 3:19-cr-00148-TMB-MMS   Document 74   Filed 07/07/21   Page 8 of 14

Mr. Carmichael will be about 70 years old when he is released. The likelihood of recidivism by a 70 year old is very low. In fact, according to a United States Sentencing Commission Report released in May, 2004, "Recidivism rates decline consistently as age increases. Generally, the younger the offender, the more likely the offender recidivates." *See* U.S.S.C., Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, at 12, http://www.ussc.gov/publicat/Recidivism_General.pdf. As the report states, "Among all offenders under age 21, the recidivism rate is 35.5%, while offenders over age 50 have a recidivism rate of 9.5%." *Id.* According to the Commission Report, for criminal history category I offenders like defendant Carmichael, the recidivism rates were as follows:

| Age at Sentence | Category I Percent Recidivating |
|---|---|
| Under age 21 | 35.5% |
| Ages 21-25 | 31.9% |
| Ages 26-30 | 23.7% |
| Ages 31-3 5 | 23.8% |
| Ages 36-40 | 19.7% |
| Ages 41-50 | 12.7% |
| Ages over 50 | 9.5% |

*Id.* at 28. The positive correlation between age and recidivism is impossible to deny. Indeed, as shown above, the Sentencing

9
9

Commission in its report did not even bother to separately report statistics on recidivism rates of inmates who are over 50 at the time of sentence (or age 57 Like Carmichael). One can only reasonably assume that the trend of decreasing recidivism continues downward after the age of 50. Under the guidelines, the age of the offender is not ordinarily relevant in determining the sentence. *See* § 5H1.1. But under § 3553(a)(2)(C), age of the offender is plainly relevant to the issue of "protecting the public from further crimes of the defendant." *See also* Booker, 125 S. Ct. at 765.

C. **PROVIDE THE DEFENDANT WITH TREATMENT IN THE MOST EFFECTIVE MANNER**

There is limited treatment available in prison. The first step to solving any difficult problem is the self-realization that there is a problem and overcoming denial. To his credit, Mr. Carmichael has sought help and is doing everything he can to deal with his problem. He is actively trying to work on the underlying causes of his problem and is sincerely remorseful for his conduct. Mr. Carmichael is not requesting a slap on the wrist. The most important factors to be considered in Mr. Carmichael's case are isolation and rehabilitation and the monitoring of that rehabilitation. Simply warehousing Mr. Carmichael in a correctional facility for life is

10

counterproductive to society. What society is looking to the courts to do is to ensure Mr. Carmichael gets treatment and that the treatment be monitored by federal authorities as long as possible. This focus is best for Mr. Carmichael and society.

Finally, he has helped the attorneys who represent the victims in obtaining restitution this is also a factor under this section.

§3552(a)(2)(D), requires a sentencing court to evaluate the need to provide defendants with education, training, treatment or medical care in the most effective manner, and its possible conflict with U.S.S.G. §5C1.1; §3553(a)(7), directing courts to consider the need to provide restitution, and its conflict with the Guidelines prohibition on departures to facilitate restitution; and the Guidelines' potential conflict with the primary directive of §3553(a), to "'impose a sentence sufficient, but not greater than necessary, to comply with the purposes' of sentencing." See United States v. Nellum, 2005 U.S. Dist. LEXIS 1568.

The *Nellum* court wrote: "What complicates this task [of sentencing] after Booker is that many of the §3553(a) factors – such as the history and characteristics of the defendant, See §3553(a)(1) – are factors that the guidelines 'either reject or ignore.'" [Citation omitted.]

11

11

The Guidelines sentencing scheme violated not just the Sixth Amendment, but 18 U.S.C. §3661: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," cited in <u>Breyer</u>, J., slip op., 8. The Guidelines placed <u>every</u> limitation on the courts' consideration of such matters – except for prior bad and uncharged acts, criminal history (including arrests not resulting in conviction, a common element of PSRs), the all-inclusive "relevant conduct" and other negative information. The tacit purpose of the Sentencing Guidelines wasn't just to ensure consistent sentences, but to ensure <u>longer</u> sentences. The Guidelines were effectively a prosecution brief – and not a "virtual" prosecution brief, either.

**<u>THE GUIDELINE SENTENCING RANGE IN THIS CASE</u>**

The guideline sentencing range in this case is 360 months to life. This is an inappropriate sentence in this case for the reasons stated above.

12

# **THE COURT SHALLIMPOSE A SENTENCE SUFFICIENT BUT NOT GREATER THAN NECESSARY, TO COMPLY WITH THE PURPOSES SET FOURTH IN PARAGRAPH (2) OF THIS SUBSECTION**

The overriding principle of section 3553 is that the sentence is not greater than is necessary to accomplish to comply the statutes purposes; it is the sentence which is mandated by section 3553. 15 years is heavy sentence for this conduct and any greater sentence would be excessive.

### CONCLUSION

The proposed sentence of 15 years in a federal facility followed by a lifetime of supervised release is warranted to reflect the seriousness of the offense, provide punishment, and instill deterrence and to demonstrate to the public and Mr. Carmichael that this behavior will not be tolerated by society.

This sentence places Mr. Carmichael in the government's scrutiny requires him to register as a sex offender for the rest of his natural life.

Mr. Carmichael has been an exemplary citizen until the present conduct. He deeply regrets his conduct and asks the court to not simply warehouse him, but rather sentence him to serve 15 Years in a federal facility followed by supervised release for the rest of his natural life. That is the sentence which is necessary to achieve the sentencing goals set forth above.

DATED this the day of 6 , OF JULY 2021, at Anchorage, Alaska.

S/Allen N. Dayan
310 K St, Suite 200
Anchorage, Alaska 99501
Phone: 907-277-2330
Fax: 907-308-6533
Email: allendayan@yahoo.com
Alaska Bar No. 8811179

Certificate of Service
I hereby certify that on July 6, 2021, a copy of the foregoing sentencing Memorandum was Electronically Served on ASUSA and U.S. Probation Officer Matt Jedrosko.

S/Allen N. Dayan

14